1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOSE FREMONDE,

11              Plaintiff,                    No. CIV S-06-0561 GEB KJM PS

12        vs.

13    STEVEN DeMARCO, et al.,

14              Defendants.              ORDER

15    _____/

16          Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief under and has

17    requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was

18    referred to this court by Local Rule 72-302(c)(21).

19          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20    unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21    forma pauperis will be granted.  28 U.S.C. § 1915(a).

22          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23    the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24    granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25    § 1915(e)(2).

26    /////

Dockets.Justia.com

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.

6    A complaint, or portion thereof, should only be dismissed for failure to state a

7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

8  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11  complaint under this standard, the court must accept as true the allegations of the complaint in

12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15    The court finds the allegations in plaintiff's complaint so vague and conclusory

16  that it is unable to determine whether the current action is frivolous or fails to state a claim for

17  relief.  The court has determined that the complaint does not contain a short and plain statement

18  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

19  policy, a complaint must give fair notice and state the elements of the claim plainly and

20  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

21  must allege with at least some degree of particularity overt acts which defendants engaged in that

22  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

23  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

24  an amended complaint.

25    If plaintiff chooses to amend the complaint, plaintiff must set forth the

26  jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

1    Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

2    in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

3    In the complaint, plaintiff alleges he is bringing suit on behalf of another person.  It does not

4    appear the person on whose behalf the suit is brought is an incompetent person or a minor.  As

5    such, as a person proceeding in propria persona, plaintiff cannot maintain this suit on behalf of

6    Juan Fremonde.

7            In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8    order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

9    amended complaint be complete in itself without reference to any prior pleading.  This is

10    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

11    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13    original complaint, each claim and the involvement of each defendant must be sufficiently

14    alleged.

15            Defendants have filed a motion to dismiss.  In light of the court's dismissal of the

16    complaint, defendants' motion will be denied without prejudice.  Pending the court's review of

17    any amended complaint that is filed, defendants need not file a responsive pleading until further

18    order of the court.

19            In accordance with the above, IT IS HEREBY ORDERED that:

20            1.  Plaintiff's request to proceed in forma pauperis is granted;

21            2.  Plaintiff's complaint is dismissed;

22            3.  Plaintiff is granted thirty days from the date of service of this order to file an

23    amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

24    and the Local Rules of Practice; the amended complaint must bear the docket number assigned

25    this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

26    copies of the amended complaint; failure to file an amended complaint in accordance with this

1   order will result in a recommendation that this action be dismissed.

2            4.  Defendants' motion to dismiss is denied without prejudice.  Defendants need

3   not file a responsive pleading to any amended complaint until further order of the court.

4   DATED:  May 22, 2006.

5

6                                                    _____
                                                     UNITED STATES MAGISTRATE JUDGE

7

8

9

10
     006
11   fremonde.ifp-lta

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                                     4